## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| LOCATION SERVICES IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-435-JRG |
| | ) | |
| v. | ) | |
| | ) | <u>JURY TRIAL DEMANDED</u> |
| JPMORGAN CHASE & CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## <u>JPMORGAN'S ANSWER AND COUNTERCLAIMS</u>

Pursuant to Federal Rule of Civil Procedure 12, Defendants JPMorgan Chase & Co., JP Morgan Chase Bank, N.A., and Chase Bank USA, N.A. (collectively "Defendants" or "JPMorgan") hereby answers the Complaint for Patent Infringement (Doc. 1) filed by Plaintiff Location Services IP, LLC ("Location Services").

Defendants do not infringe any valid claim of the patents-in-suit.  The Court should enter judgment against Location Services.  The Court should declare that the claims of the patents-in-suit are invalid and not infringed by Defendants.  Location Services should take nothing and should pay Defendants' attorney's fees.  Defendants pleads as follows:

### ANSWER

Defendants deny Location Services' allegations in their entirety except for those specifically admitted below.  Below, Defendants respond to the specific allegations in each paragraph of the Complaint.

**Nature of the Action**

1.     Location Services alleges:   "This is a patent infringement action to stop Defendants' infringement of United States Patent Nos. 6,202,023 (the '023 patent), 8,935,220 (the '220 patent) and 6,356,834 (the '834 patent) (collectively, the 'Patents-in-Suit')."

Defendants respond:  As to the allegations of Paragraph 1 of the Complaint, Defendants admits that this purports to be a patent infringement action purportedly seeking to stop Defendants' alleged infringement of the '023, '220 and '834 patents.  Defendants deny any infringement and deny any remaining allegations.

**The Parties**

2.     Location Services alleges:   "Plaintiff, Location Services IP, LLC, is a Texas company with its principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75201."

Defendants respond:   Defendants lacks sufficient information to admit or deny the allegations of Paragraph 2 of the Complaint and therefore denies them.

3.     Location Services alleges:   "Upon information and belief, Defendant, JP Morgan Chase & Co. ('JMCC'), is a national association established under the laws of the State of Delaware, with its principal place of business at 270 Park Avenue, New York, New York 10017.

Defendants respond:  As to the allegations of Paragraph 3 of the Complaint, Defendants deny that JPMorgan Chase & Co. is a national association established under the laws of the State of Delaware.  Defendants admit that JPMorgan Chase & Co. has its principal place of business at 270 Park Avenue, New York, New York.  Defendants deny the remaining allegations.

4.      Location Services alleges:  "Upon information and belief, Defendant, JPMorgan Chase Bank, N.A. ('JCB'), is a national association, with its principal place of business at 10 South Dearborn Street, Chicago, Illinois 60603."

Defendants respond:  As to the allegations of Paragraph 4 of the Complaint, Defendants admit that JPMorgan Chase Bank, N.A. is a national association.   Defendants deny that JPMorgan Chase Bank, N.A. has its principal place of business at 10 South Dearborn Street, Chicago, Illinois  60603.

5.      Location Services alleges:  "Upon information and belief, Defendant, Chase Bank USA, N.A. ('Chase'), is a national association, with its principal place of business at 270 Park Avenue, New York, New York 10017.

Defendants respond: As to the allegations of Paragraph 5 of the Complaint, Defendants admit that Chase Bank USA, N.A. is a national association.   Defendants deny that Chase Bank USA, N.A. has its principal place of business at 270 Park Avenue, New York, New York  10017.

6.      Location Services alleges:  "JMCC, JCB, and Chase are collectively referred to as 'Defendants.'"

Defendants respond:  As to the allegation of Paragraph 6 of the Complaint, Defendants admit that the Complaint refers to Defendants collectively as "Defendants."

### Jurisdiction and Venue

7.      Location Services alleges:  "This action arises under the patent laws of the United States, 35 U.S.C. § 1 et seq., including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a)."

Defendants respond:  Paragraph 7 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

8.      Location Services alleges:   "The Court has personal jurisdiction over Defendants, including because Defendants have minimum contacts within the State of Texas; Defendants have purposefully availed themselves of the privileges of conducting business in the State of Texas; Defendants regularly conduct business within the State of Texas; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in the State of Texas, including at least by virtue of Defendants' interactive website and/or app that comprise infringing methods, including those accused methods described herein, which are at least used in and/or accessible in the State of Texas. Further, this Court has general jurisdiction over Defendants, including due to their continuous and systematic contacts with the State of Texas.

Defendants respond:  Paragraph 8 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

9.      Location Services alleges:    "More specifically, on information and belief, Defendants have an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendants are subject to the Court's jurisdiction, including because Defendants have committed patent infringement in the State of Texas. Pursuant to 35 U.S.C. § 271, Defendants infringe the Patents-in-Suit by, without authority, their practicing and/or hosting the accused methods described herein in the State of Texas.  Further, Defendants solicit customers/users in the State of Texas.  On information and belief, Defendants have customers/users who are residents of the State of Texas and who purchase, acquire, and/or use Defendants' infringing products in the State of Texas."

Defendants respond:   As to the allegations in Paragraph 9, Defendants admit that Defendants JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A. solicit customers in Texas.  Defendants deny all remaining allegations.

10.    Location Services alleges:  "Venue is proper in the Eastern District of Texas pursuant to 28 U.S.C. §§ 1391 and 1400(b), including because Defendants have purposefully availed themselves of the privileges of conducting business in this District; Defendants regularly conduct business within this District; and Plaintiff's cause of action arises directly from Defendants' business contacts and other activities in this District, including at least by virtue of Defendants' interactive website and/or app that comprise infringing methods, including those accused methods herein, which are at least used in and/or accessible in this District. Further, Defendants have continuous and systematic contacts with this District."

Defendants respond:  Paragraph 10 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

11.    Location Services alleges:   "More specifically, on information and belief, Defendants have an interactive website and/or app comprising infringing methods which are at least used in and/or accessible in the State of Texas. Further, on information and belief, Defendants are subject to the Court's jurisdiction, including because Defendants have committed patent infringement in this District. Pursuant to 35 U.S.C. § 271, Defendants infringe the Patents-in-Suit by, without authority, their practicing and/or hosting the accused methods described herein in this District. Further, Defendants solicit customers/users in this District. On information and belief, Defendants have customers/users who are residents of this District and who purchase, acquire, and/or use Defendants' infringing products in this District."

5

Defendants respond: As to the allegations in Paragraph 11, Defendants admit that Defendants JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A. solicit customers in Texas Defendants deny all remaining allegations.

### Introduction

12.     Location Services alleges:  "The Patents-in-Suit originated from Go2, a pioneer in location based services and mobile web technology. Go2 was founded by Lee Hancock, a visionary and inventor who is a named inventor on each of the patents-in-suit.  Plaintiff is the current assignee of the Patents-in-Suit and has standing to bring this lawsuit, including the right to recover damages for past, present, and future infringement of the patents."

Defendants respond:  Defendants lack sufficient information to admit or deny the allegations of Paragraph 12 and therefore deny the allegations.

### Count I – Infringement of U.S. Patent No. 6,202,023

13.     Location Services alleges:  "Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-12 above."

Defendants respond:  Defendants incorporate herein their responses to all previous paragraphs.

14.     Location Services alleges:  "The '023 Patent, entitled 'Internet Based Geographic Location Referencing System and Method,' was duly and legally issued by the United States Patent and Trademark Office ('USPTO') on March 13, 2001 after full and fair examination.  The '023 Patent is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent)."

Defendants respond:  Defendants lack sufficient information to admit or deny the allegations of Paragraph 14 and therefore deny the allegations.

6

15.     Location Services alleges:  "The claims of the '023 Patent cover, *inter alia*, a method for automatically providing informational services based on a geographical location of a client computer system, wherein said informational services are provided by a server attached to a computer network, said method comprising the steps of: executing an application program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client."

Defendants respond:  Paragraph 15 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

16.     Location Services alleges:  "On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '023 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for executing an application

program on said client computer system for collecting user data and location information representative of the geographical location of the client computer system, said application program including a user interface module, a web browser module, a data packet module and an ALI polling module, said user interface module comprises the steps of: location prompting for accepting parameters for defining a particular location, wherein location prompting includes the step of prompting the user to specify whether said location information is based on a current or projected location; and user preference prompting for accepting one or more user preferences; constructing a data packet comprising said user data and location information; connecting to the server; transmitting said data packet to the server; parsing said data packet to extract said user data and location information; formulating a database query from said user data and location information; issuing a database query on a database coupled to the server; and downloading a result from said database query relating to the geographical location of the client computer system to said client.  On information and belief, Defendants infringe the '023 Patent by and through at least its practicing and/or hosting methods comprising at least the Chase Website and the Chase Mobile Application.

Defendants respond:  Defendants deny the allegations of Paragraph 16 of the Complaint.

17.     Location Services alleges:  "On information and belief, Defendants have had at least constructive notice of the '023 Patent pursuant to the Patent Act.  Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '023 Patent."

Defendants respond:  Defendants deny the allegations of Paragraph 17 of the Complaint.

18.     Location Services alleges:  "To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff reserves the

right to amend this Original Complaint accordingly, and to request such a finding at the time of trial."

Defendants respond:  Paragraph 18 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

19.     Location Services alleges:  "Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendants' infringement of the '023 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court."

Defendants respond:  Defendants deny the allegations of Paragraph 19 of the Complaint.

### Count II – Infringement of U.S. Patent No. 8,935,220

20.     Location Services alleges:   "Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-19 above."

Defendants respond:   Defendants incorporate herein their responses to all previous paragraphs.

21.     Location Services alleges:   "The '220 Patent, entitled 'Unified Geographic Database and Method of Creating, Maintaining, and Using the Same,' was duly and legally issued by the United States Patent and Trademark Office ('USPTO') on January 13, 2015 after full and fair examination. The '220 Patent is a continuation-in-part of abandoned Application No. 10/701,961, which is a continuation of abandoned Application No. 09/707,213, which is a continuation-in-part of Application No. 09/257,462 (issued as the '023 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent)."

9

Defendants respond:   Defendants lack sufficient information to admit or deny the allegations in Paragraph 21 of the Complaint and therefore deny them.

22.     Location Services alleges:  "The claims of the '220 Patent cover, *inter alia*, a method for providing informational services via a communications network, the method comprising: receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ('UGD') to identify an entity within a district of the geographical area uniquely associated with the proprietary search term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information."

Defendants respond:   Paragraph 22 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

23.     Location Services alleges:  "On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '220 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods for providing informational

services via a communications network, the method comprising: receiving a search query via the communications network from a portable navigational apparatus, the search query comprising a proprietary search term identifying one or more locations of interest within a geographical area and locational information identifying a current location of the navigational apparatus at the time of sending the search query; accessing a unified geographic database ('UGD') to identify an entity within a district of the geographical area uniquely associated with the proprietary search term; using the locational information included in the search query from the navigational apparatus to complete a search of the UGD for one or more locations associated with the entity satisfying the search query and limited in geographic scope by the locational information; and sending a search result via the communications network to the navigational apparatus, the search result comprising one or more locations associated with the one or more entities identified by the proprietary search term that have a relationship with the locational information. On information and belief, Defendants infringe the '220 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the Chase Website and the Chase Mobile Application.

Defendants respond:  Defendants deny the allegations of Paragraph 23 of the Complaint.

24.     Location Services alleges:  "On information and belief, Defendants have had at least constructive notice of the '220 Patent pursuant to the Patent Act. Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '220 Patent."

Defendants respond:  Defendants deny the allegations of Paragraph 24 of the Complaint.

25.     Location Services alleges:  "To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff reserves the

right to amend this Original Complaint accordingly, and to request such a finding at the time of trial."

Defendants respond:  Paragraph 25 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

26.    Location Services alleges:  "Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendants' infringement of the '220 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court."

Defendants respond:  Defendants deny the allegations of Paragraph 26 of the Complaint.

**Count III – Infringement of U.S. Patent 6,356,834**

27.    Location Services alleges:   "Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-26 above."

Defendants respond:   Defendants incorporate herein their responses to all previous paragraphs.

28.    Location Services alleges:   "The '834 Patent, entitled 'Geographic Location Referencing System and Method,' was duly and legally issued by the USPTO on March 12, 2002 after full and fair examination. The '834 Patent is a continuation-in-part of Application No. 09/540,398 (issued as the '122 Patent), which is a continuation-in-part of Application No. 09/188,153 (issued as U.S. Patent No. 6,047,236), which is a continuation of Application No. 08/701,586 (issued as the '088 Patent).

Defendants respond:  Defendants lack sufficient information to admit or deny the allegations in Paragraph 28 of the Complaint and therefore deny them.

29.     Location Services alleges:  "The claims of the '834 Patent cover, inter alia, a method of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising: providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation."

Defendants respond:   Paragraph 29 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

30.     Location Services alleges:  "On information and belief, Defendants have infringed and are now infringing, including literally, jointly, and/or equivalently, the '834 Patent in this judicial district, the State of Texas, and elsewhere in the United States, in violation of 35 U.S.C. § 271 through actions comprising the practicing, making, using, offering for sale, selling, hosting, and/or importing, without authority from Plaintiff, methods of disseminating location information from a central repository via the internet to assist users of locational systems in navigation, comprising: providing a central repository with stored information for at least one geographic region, the stored information including positional information for geographic locations associated with respective proprietary names, wherein the positional information includes geodetic latitude and longitude coordinates; and disseminating location information for a proprietary name from the central repository to a user via the internet to use in association with said locational system to assist in navigation. On information and belief, Defendants infringe the

'834 Patent by and through at least its practicing and/or hosting such infringing methods comprising at least the Chase Website and the Chase Mobile Application."

Defendants respond:  Defendants deny the allegations of Paragraph 30 of the Complaint.

31.    Location Services alleges:  "On information and belief, Defendants have had at least constructive notice of the '834 Patent pursuant to the Patent Act. Plaintiff reserves the right to take discovery regarding Defendants' first actual notice of the '834 Patent."

Defendants respond:  Defendants deny the allegations of Paragraph 31 of the Complaint.

32.    Location Services alleges:  "To the extent that facts learned during the pendency of this case show that Defendants' infringement is, or has been, willful, Plaintiff reserves the right to amend this Original Complaint accordingly, and to request such a finding at the time of trial.

Defendants respond:   Paragraph 32 of the Complaint states legal conclusions to which no answer is required, so Defendants deny the allegations.

33.    Location Services alleges:  "Each of Defendants' aforesaid activities have been without authority and/or license from Plaintiff. Such activities constitute Defendants' infringement of the '834 patent by Defendants' practicing and/or hosting, at least the methods described herein, that infringe the patented invention, and Defendants will continue to do so unless enjoined by the Court."

Defendants respond:  Defendants deny the allegations of Paragraph 33 of the Complaint.

**Damages**

34.    Location Services alleges:   "Plaintiff refers to and incorporates herein the allegations of Paragraphs 1-33 above."

Defendants respond:   Defendants incorporate herein their responses to all previous paragraphs.

35.    Location Services alleges:  "By way of their infringing activities, Defendants have caused and continue to cause Plaintiff to suffer damages, and Plaintiff is entitled to recover from Defendants the damages sustained by Plaintiff as a result of Defendants' wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284."

Defendants respond:  Defendants deny the allegations of Paragraph 35 of the Complaint.

36.    Location Services alleges:  "Defendants' infringement of Plaintiff's exclusive rights under the Patents-in-Suit will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court."

Defendants respond:  Defendants deny the allegations of Paragraph 36 of the Complaint.

37.    Location Services alleges:  "To the extent that facts learned during the pendency of this case show that Defendants'  infringement is, or has been, willful, Plaintiff contends this is an exceptional case entitling Plaintiff to recover its attorneys fees and costs pursuant to 35 U.S.C. § 285."

Defendants respond:   Defendants deny any infringement, willful or otherwise. Defendants aver that this is an exceptional case entitling Defendants to recover their attorney fees and costs pursuant to 35 U.S.C. § 285.  Defendants deny any remaining allegations.

### Plaintiff's Jury Demand

38.    Location Services alleges:  "Plaintiff hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable."

Defendants respond:  Defendants acknowledge Location Services' jury demand and also demand a trial by jury on all issues so triable.

## Plaintiff's Prayer for Relief

39.    To the extent Location Services' Prayer for Relief are allegations requiring an answer, the allegations are denied.  Location Services is not entitled to any relief and should take nothing.  Location Services should pay Defendants' attorney fees and costs.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense – Invalidity

1.    The claims of the patents-in-suit are invalid for failure to comply with one or more of the provisions of 35 U.S.C., including §§ 101, 102, 103, and/or 112, and/or pursuant to judicially created doctrines.

### Second Affirmative Defense – Prosecution History Estoppel

2.    Location Services is estopped from construing the claims of the patent-in-suit in such a way as may cover Defendants' business activities by reasons of amendment, cancellation, or abandonment of claim(s), and the admissions and other statements made to the United States Patent and Trademark Office. This defense also encompasses ensnarement and all other related equitable defenses to patent infringement.

### Third Affirmative Defense – Laches

3.    Location Services' claims are barred, in whole or in part, by the doctrine of laches, including prosecution laches.

### Fourth Affirmative Defense – License

4.    Location Services's claims are barred, in whole or in part, to the extent that Defendants have an express or implied license to practice the patent-in-suit.

**Fifth Affirmative Defense – Exhaustion**

5.      Location Services' claims are barred, in whole or in part, under the doctrines of "exhaustion" or "first sale" as a result of Location Services' authorizations to third parties.

**Sixth Affirmative Defense – Waiver and Estoppel**

6.      Location Services' claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

**Seventh Affirmative Defense – Other Affirmative Defenses**

7.      Defendants reserve all affirmative defenses under Federal Rule of Civil Procedure 8(c), the Patent Laws of the United States, and any other defenses at law or in equity, including unenforceability, inequitable conduct, and the doctrine of unclear hands, that may exist or in the future by available based on discovery and further factual examination.

**COUNTERCLAIMS**

JPMorgan does not infringe any claim of U.S. Patent No. 6,202,023, U.S. Patent No. 8,935,220, and U.S. Patent No. 6,356,834 (collectively the "patents-in-suit").  Moreover, the claims of the patents-in-suit are invalid and should not have been issued.  Accordingly, JPMorgan brings counterclaims for declaratory judgments of non-infringement and invalidity against Location Services and alleges as follows:

**Nature of the Action**

1.      This is an action arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the Patent Laws of the United States, 35 U.S.C. § 1 *et seq*.  JPMorgan requests a declaratory judgment that it has not infringed any valid claim of the patents-in-suit and that all of the claims of the patents-in-suit are invalid.

**The Parties**

2.      Counterclaim Plaintiff JPMorgan Chase & Co. is a Delaware corporation with its principal place of business in New York, New York.

3.      Counterclaim Plaintiff JPMorgan Chase Bank, N.A. is a national association with its principal place of business in Columbus, Ohio.

4.      Counterclaim Plaintiff Chase Bank USA, N.A. is a national association with its principal place of business in Newark, Delaware.

5.      JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A. are referred to collectively herein as "JPMorgan."

6.      Based on its allegation in the Complaint, Counterclaim Defendant Location Services IP, LLC is a Texas company with its principal place of business in Plano, Texas.

**Jurisdiction and Venue**

7.      This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338.

8.      Location Services is subject to personal jurisdiction of Texas courts by virtue of its filing this case here.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

**General Allegations**

10.      Location Services has alleged that it is the assignee of the patents-in-suit. Location Services has alleged that JPMorgan has infringed and is infringing the patents-in-suit.

11.      JPMorgan contends that it has never infringed any valid claim of the patents-in-suit, directly or indirectly.

12.      JPMorgan contends that the claims of the patents-in-suit are invalid.

13.     An actual and justiciable controversy exists between JPMorgan and Location Services regarding the invalidity of the patents-in-suit and the non-infringement of the patents-in-suit by JPMorgan.

## Count I – Non-Infringement of the Patents-in-Suit

14.     JPMorgan incorporates the foregoing allegations as if separately set forth herein.

15.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between JPMorgan and Location Services concerning the infringement of the patents-in-suit that requires a declaration of rights by this Court.

16.     JPMorgan has not infringed any valid claim of the patents-in-suit.

17.     JPMorgan is entitled to a declaration that it has not infringed any valid claim of the patents-in-suit.

## Count II – Invalidity of the Patents-in-Suit

18.     JPMorgan incorporates the foregoing allegations as if separately set forth herein.

19.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between JPMorgan and Location Services concerning the validity of the patents-in-suit that requires a declaration of rights by this Court.

20.     The claims of the patents-in-suit are invalid for failure to meet the requirements of 35 U.S.C. §§ 101, 102, 103 and/or 112 and/or pursuant to judicially created doctrine.

21.     JPMorgan is entitled to a declaratory judgment that the claims of the patents-in-suit are invalid.

## Demand for Jury Trial

22.     Pursuant to Federal Rule of Civil Procedure 38, JPMorgan demands a trial by jury on all the issues so triable.

**Requested Relief**

JPMorgan respectfully requests that the Court enter judgment in its favor and against Location Services and:

a.      Declare that JPMorgan has not infringed any valid and enforceable claim of the patents-in-suit;

b.      Declare that the claims of the patents-in-suit are invalid;

c.      Declare that this case is exceptional under 35 U.S.C. § 285 and award JPMorgan its attorney fees and expenses incurred in this action;

d.      Award JPMorgan its costs pursuant to 28 U.S.C. § 1920; and

e.      Grant JPMorgan such further relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Michael S. Nadel*
Jennifer H. Doan (Texas Bar No. 08809050)
Stephen D. Howen (Texas Bar No. 10117800)
Haltom & Doan
6500 Summerhill Road, Suite 100
Texarkana, Texas  75503
(903) 255-1000

Christopher D. Bright
McDermott Will & Emery LLP
4 Park Plaza, Suite 1700
Irvine, California  92614
(949) 851-0633

Michael S. Nadel
Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Defendants JPMorgan Chase & Co.*
*JPMorgan Chase Bank, N.A.,*
*and Chase Bank USA, N.A.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 25, 2015, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Michael S. Nadel*
Michael S. Nadel