**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| | § | |
| | § | |
| LOCATION SERVICES IP, LLC, | § | |
| | § | CASE NO. 2:15-cv-00435 (Lead Case) |
| Plaintiff, | § | |
| v. | § | |
| | § | |
| JP MORGAN CHASE & CO. et al., | § | JURY TRIAL DEMANDED |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## TELENAV, INC.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant and Counter-claimant Telenav, Inc. ("Telenav") hereby answers the Amended Complaint for Patent Infringement (D.I. 28) of Plaintiff Location Services IP, LLC ("Plaintiff" or "Location Services") and asserts defenses and counterclaims as set forth below. Telenav denies all allegations in the Amended Complaint unless specifically admitted herein. Telenav reserves the right to raise additional defenses and counterclaims based on discovery and further factual investigation in this case.

### NATURE OF THE ACTION

1.     This section of Plaintiff's Amended Complaint contains a legal conclusion to which no response is required. Telenav admits that the Amended Complaint purports to state claims for patent infringement arising under the patent laws of the United States, but denies that Plaintiff is entitled to any of the relief it seeks.

**THE PARTIES**

1.      Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.      The allegations of paragraph 2 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2, and therefore denies them.

3.      The allegations of paragraph 3 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3, and therefore denies them.

4.      Telenav admits that Telenav, Inc. is a Delaware corporation with its principal place of business at 950 De Guigne Drive, Sunnyvale, California.

5.      Paragraph 5 is not a proper allegation against Telenav, and is denied to the extent an answer is required.

**JURISDICTION AND VENUE**

6.      Telenav admits that the Amended Complaint purports to state claims for patent infringement arising under the patent laws of the United States.  Telenav admits that this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) to the extent that Plaintiff is able to demonstrate a proper claim for patent infringement.  Telenav, however, denies that this venue is convenient or in the interests of justice under 28 U.S.C. § 1404(a) (*see* Paragraph **Error! Reference source not found.**, below).

7.      Telenav does not contest personal jurisdiction in this District solely for the purpose of this action.  To the extent the remaining allegations of paragraph 7 are directed at

Telenav, they are denied.  Telenav specifically denies that it has committed any acts of infringement within the State of Texas, or any other District.  To the extent the remaining allegations of paragraph 7 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies them.

8.      Telenav specifically denies that it has committed any acts of infringement within the State of Texas, or any other District.  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 8, and therefore denies them.

9.      Telenav does not contest that venue is proper in the Eastern District of Texas for purposes of this action, but denies that venue in this judicial district is convenient or in the interests of justice under 28 U.S.C. § 1404(a).  To the extent the remaining allegations of paragraph 9 are directed at Telenav, they are denied.  To the extent the remaining allegations of paragraph 9 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 9, and therefore denies them.

10.     Telenav specifically denies that it has committed any acts of infringement within the Eastern District of Texas, or any other District.  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 10, and therefore denies them.

## INTRODUCTION

11.     Paragraph 11 of the Amended Complaint contains an introductory paragraph to which no responsive pleading is required.  To the extent a response is deemed necessary,

Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,202,023

12.     Telenav incorporates by reference its responses to the allegations of paragraphs 1-11 above as its response to paragraph 12 of Plaintiff's Amended Complaint.

13.     Telenav admits that U.S. Patent No. 6,202,023 (the "'023 patent") entitled "Internet Based Geographic Location Referencing System and Method" indicates on its face that it issued on March 13, 2001.   Telenav admits that the face of the '023 patent states: "Continuation-in-part of application No. 09/188,153, filed on Nov. 4, 1998, now Pat. No. 6,047,236, which is a continuation of application No. 08/701,586, filed on Aug. 22, 1996, now Pat. No. 5,839,088."  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 13, and therefore denies them.

14.     Telenav admits that paragraph 14 of Plaintiff's Amended Complaint purports to recite language that appears in claim 2 of the '023 patent.   Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 14, and therefore denies them.

15.     The allegations of paragraph 15 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15, and therefore denies them.

16.     Telenav denies the allegations contained in paragraph 16.

17.     Telenav denies the allegations of paragraph 17 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  To the extent the

allegations of paragraph 17 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17, and therefore denies them.

18.     To the extent the allegations of paragraph 18 are directed at Telenav, they are denied.  To the extent the allegations of paragraph 18 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18, and therefore denies them.  Plaintiff's reservation of rights is not a proper allegation against Telenav, and is denied to the extent an answer is required.

19.     Plaintiff's statement reserving its right to amend the Amended Complaint is not a proper allegation of willful infringement, and is denied to the extent an answer is required.  To the extent the allegations of paragraph 19 are directed at Telenav, they are denied.  To the extent the allegations of paragraph 19 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 19, and therefore denies them.

20.     Telenav denies the allegations of paragraph 20 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  As for the remaining allegations of paragraph 20, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20, and therefore denies them.

## COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,839,088

21.     Telenav incorporates by reference its responses to the allegations of paragraphs 1-20 above as its response to paragraph 21 of Plaintiff's Amended Complaint.

22.     Telenav admits that U.S. Patent No. 5,839,088 (the "'088 patent") entitled "Geographic Location Referencing System and Method" indicates on its face that it issued on

November 17, 1998.  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 22, and therefore denies them.

23.     Telenav admits that paragraph 23 of Plaintiff's Amended Complaint purports to recite language that appears in claim 15 of the '088 patent.  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 23, and therefore denies them.

24.     The allegations of paragraph 24 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24, and therefore denies them.

25.     Telenav denies the allegations contained in paragraph 25.

26.     Telenav denies the allegations of paragraph 26 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  To the extent the allegations of paragraph 26 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 26, and therefore denies them.

27.     To the extent the allegations of paragraph 27 are directed at Telenav, they are denied.  To the extent the allegations of paragraph 27 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 27, and therefore denies them.  Plaintiff's reservation of rights is not a proper allegation against Telenav, and is denied to the extent an answer is required.

28.     Plaintiff's statement reserving its right to further amend the Amended Complaint is not a proper allegation of willful infringement, and is denied to the extent an answer is required.  To the extent the allegations of paragraph 28 are directed at Telenav, they are denied.

To the extent the allegations of paragraph 28 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 28, and therefore denies them.

29.     Telenav denies the allegations of paragraph 29 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  As for the remaining allegations of paragraph 29, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 29, and therefore denies them.

## COUNT III – INFRINGEMENT OF U.S. PATENT NO. 8,935,220

30.     Telenav incorporates by reference its responses to the allegations of paragraphs 1-29 above as its response to paragraph 30 of Plaintiff's Amended Complaint.

31.     Telenav admits that U.S. Patent No. 8,935,220 (the "'220 patent") entitled "Unified Geographic Database and Method of Creating, Maintaining, and Using the Same" indicates on its face that it issued on January 13, 2015.  Telenav admits that the '220 patent states: "Continuation of application No. 10/701,961, filed on Nov. 5, 2003, now abandoned, which is a continuation of application No. 09/707,213, filed on Nov. 3, 2000, now abandoned, which is a continuation-in-part of application No. 09/257,462, filed on Feb. 25, 1999, now Pat. No. 6,202,023, which is a continuation-in-part of application No. 09/188,153, filed on Nov. 4, 1998, now Pat. No. 6,047,236, which is a continuation of application No. 08/701,586, filed on Aug. 22, 1996, now Pat. No, 5,839,088."  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 31, and therefore denies them.

32.     Telenav admits that paragraph 32 of Plaintiff's Amended Complaint purports to recite language that appears in claim 3 of the '220 patent.  Telenav lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations of paragraph 32, and therefore denies them.

33.     The allegations of paragraph 33 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 33, and therefore denies them.

34.     Telenav denies the allegations contained in paragraph 34.

35.     Telenav denies the allegations of paragraph 35 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  To the extent the allegations of paragraph 35 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 35, and therefore denies them.

36.     To the extent the allegations of paragraph 36 are directed at Telenav, they are denied.  To the extent the allegations of paragraph 36 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36, and therefore denies them.  Plaintiff's reservation of rights is not a proper allegation against Telenav, and is denied to the extent an answer is required.

37.     Plaintiff's statement reserving its right to further amend the Amended Complaint is not a proper allegation of willful infringement, and is denied to the extent an answer is required.  To the extent the allegations of paragraph 37 are directed at Telenav, they are denied. To the extent the allegations of paragraph 37 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 37, and therefore denies them.

38.     Telenav denies the allegations of paragraph 38 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  As for the remaining allegations of paragraph 38, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 38, and therefore denies them.

## COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 6,356,834

39.     Telenav incorporates by reference its responses to the allegations of paragraphs 1-38 above as its response to paragraph 39 of Plaintiff's Amended Complaint.

40.     Telenav admits that U.S. Patent No. 6,356,834 (the "'834 patent") entitled "Geographic Location Referencing System and Method" indicates on its face that it issued on March 12, 2002.  Telenav admits that the face of the '834 patent states: "Continuation of application No. 09/540,398, filed on Mar. 31, 2000, now Pat. No. 6,223,122, which is a continuation of application No. 09/188,153, filed on Nov. 4, 1998, now Pat. No. 6,047,236, which is a continuation of application No. 08/701,586, filed on Aug. 22, 1996, now Pat. No. 5,839,088." Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 40, and therefore denies them.

41.     Telenav admits that paragraph 41 of Plaintiff's Amended Complaint purports to recite language that appears in claim 37 of the '834 patent.  Telenav lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 41, and therefore denies them.

42.      The allegations of paragraph 42 are not directed to Telenav, and therefore no answer is required.  To the extent a response is deemed necessary, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42, and therefore denies them.

43.     Telenav denies the allegations contained in paragraph 43.

44.     Telenav denies the allegations of paragraph 44 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  To the extent the allegations of paragraph 44 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 44, and therefore denies them.

45.     To the extent the allegations of paragraph 45 are directed at Telenav, they are denied.  To the extent the allegations of paragraph 45 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45, and therefore denies them.  Plaintiff's reservation of rights is not a proper allegation against Telenav, and is denied to the extent an answer is required.

46.     Plaintiff's statement reserving its right to further amend the Amended Complaint is not a proper allegation of willful infringement, and is denied to the extent an answer is required.  To the extent the allegations of paragraph 46 are directed at Telenav, they are denied. To the extent the allegations of paragraph 46 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 46, and therefore denies them.

47.     Telenav denies the allegations of paragraph 47 to the extent they relate to Telenav, and specifically denies it has committed any acts of infringement.  As for the remaining allegations of paragraph 47, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 47, and therefore denies them.


**DAMAGES**

48.     Telenav incorporates by reference its responses to the allegations of paragraphs 1-48 above as its response to paragraph 48 of Plaintiff's Amended Complaint.

49.     Telenav denies the allegations contained in paragraph 49 to the extent they relate to Telenav.   As for the remaining allegations of paragraph 49, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49, and therefore denies them.

50.     Telenav denies the allegations contained in paragraph 50 to the extent they relate to Telenav.   As for the remaining allegations of paragraph 50, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 50, and therefore denies them.

51.     Plaintiff's statement conditionally contending this is an exceptional case pursuant to 35 U.S.C. § 285 is not a proper allegation, and is denied to the extent an answer is required. To the extent the allegations of paragraph 51 are directed at Telenav, they are denied.   To the extent the allegations of paragraph 51 are directed at other Defendants, Telenav lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51, and therefore denies them.

## JURY DEMAND

52.     Plaintiff's demand for a trial by jury for all issues triable to a jury does not state any allegation, and no response is required.   To the extent any allegations are included in the demand, Telenav denies these allegations.

## PRAYER FOR RELIEF

53.     These paragraphs set forth the statement of relief requested by Plaintiff to which no response is required.  Telenav denies that Plaintiff is entitled to any of the requested relief and denies any allegations.

## DEFENSES

Telenav alleges and asserts the following defenses in response to the allegations contained in the Amended Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. Telenav specifically reserves all rights to allege additional defenses and counterclaims that become known through its investigation into Plaintiff's allegations the course of discovery. Herein U.S. Patent No. 6,202,023 (the "'023 patent"), U.S. Patent No. 5,839,088 (the "'088 patent"), U.S. Patent No. 8,935,220 (the "'220 patent"), and U.S. Patent No. 6,356,834 (the "'834 patent") shall collectively be referred to as the "Patents in-Suit".

### FIRST DEFENSE

### (No Patent Infringement)

1.      Telenav does not infringe and has not infringed directly or indirectly, either literally or under the doctrine of equivalents, or in any other manner, and is not liable for infringement of any asserted claim of the Patents-in-Suit.

### SECOND DEFENSE

### (Patent Invalidity)

2.      One or more claims of the Patents-in-Suit are invalid and/or unenforceable under Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of obviousness-type double patenting.

### THIRD DEFENSE

### (Prosecution History Estoppel)

3.      Plaintiff is estopped from asserting its claims against Telenav for patent infringement under the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

### (Prosecution Laches)

4.      The Patents-in-Suit are unenforceable due to prosecution laches.  The prosecution of the Patents-in-Suit was marked by unreasonable, unexplained, and inexcusable delay. Moreover, both Telenav and others suffered prejudice from the delay by acquiring intervening rights in the subject-matter claimed by the Patents-in-Suit during the period of delay.

## FIFTH DEFENSE

### (Estoppel, Acquiescence, Waiver, Unclean Hands, and Laches)

5.      Plaintiff's claims are barred, in whole or in part by the doctrines of estoppel, acquiescence, waiver, unclean hands, and laches.

## SIXTH DEFENSE

### (Limitation on Patent Damages)

6.      Plaintiff's claim for damages, if any, against Telenav for alleged infringement of the Patents-in-Suit is limited by 35 U.S.C. § 286.  Plaintiff's claim for damages is also barred, in whole or in part, under the doctrines of implied license, patent exhaustion, first sale, and the single recovery rule.  Plaintiff is barred from recovering costs associated with this action under 35 U.S.C. § 288 and also because Telenav has not engaged in any conduct that entitles Plaintiff to attorneys' fees or costs.

## SEVENTH DEFENSE

### (Express or Implied License/Patent Exhaustion)

7.      Plaintiff's claims for patent infringement against Telenav are precluded to the extent that any allegedly infringing products are supplied, directly or indirectly to Telenav or by Telenav to an entity or entities having an express or implied license to the patents-in-suit and/or

that Plaintiff's claims are precluded by the doctrines of patent exhaustion, first sale, and restrictions on double recovery.

## COUNTERCLAIMS

Pursuant to Rule 13 of the Federal Rules of Civil Procedure, Telenav, for its Counterclaims against Plaintiff, avers and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action seeking declaratory judgments of invalidity and non-infringement of U.S. Patent No. 6,202,023 (the "'023 patent"), U.S. Patent No. 5,839,088 (the "'088 patent"), U.S. Patent No. 8,935,220 (the "'220 patent"), and U.S. Patent No. 6,356,834 (the "'834 patent") (collectively, the "Patents in-Suit").

2.      This action arises under the patent laws of the United States, §§ 101 *et seq.*, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### THE PARTIES

3.      Counter-claimant Telenav, Inc. ("Telenav") is a Delaware corporation with its principal place of business at 950 De Guigne Drive, Sunnyvale, CA 94085.

4.      On information and belief, Counterclaim Defendant Location Services IP, LLC, ("Location Services") is a Texas company with its principal place of business at 1400 Preston Road, Suite 475, Plano, Texas 75201.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), and 1400, and the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.

6.      An immediate, real, and justiciable controversy has arisen and now exists between Telenav and Location Services as to whether the Patents-in-Suit are invalid and have not been infringed.

7.      This Court has personal jurisdiction over Location Services on the bases that Location Services' principal place of business is in Texas, and that Location Services has submitted itself to the Court's jurisdiction by filing its Amended Complaint in this Court.  The exercise of jurisdiction over Location Services would be reasonable.

8.      Location Services has chosen this venue to enforce its Patents-in-Suit.  While Telenav contends that this is an inconvenient venue for Location Services' claims, to the extent those claims are maintained in this venue, then, pursuant to 28 U.S.C. §§ 1391 and 1400(b), this venue is proper for Telenav's counterclaims against Location Services.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 6,202,023)

9.      Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-8 of these Counterclaims above as though fully set forth herein.

10.     Location Services has asserted claims against Telenav for alleged infringement of the '023 patent.

11.     Telenav denies Location Services's allegations of infringement.  Telenav does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly,

contributorily, or by inducement, any valid and enforceable claim of the '023 patent, either literally or under the doctrine of equivalents.

12.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Telenav and Location Services concerning the non-infringement of the '023 patent.

13.     Telenav is entitled to a declaratory judgment that Telenav does not infringe and has not infringed any valid and enforceable claim of the '023 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,202,023)

14.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-13 of these Counterclaims above as though fully set forth herein.

15.     In its Amended Complaint, Location Services contends that the '023 patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of these patents.

16.     Each claim of the '023 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101–103 and 112.

17.     Each claim of the '023 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103. The claims of the '023 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112.  The claims of the '023 patent are vague and indefinite and incorporate

limitations that are neither disclosed, described, explained, nor enabled by the specification of the '023 patent.

18.     Telenav is entitled to a declaratory judgment that each and every claim of the '023 patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of obviousness-type double patenting.

## THIRD COUNTERCLAIM

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 5,839,088)

19.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-18 of these Counterclaims above as though fully set forth herein.

20.     Location Services has asserted claims against Telenav for alleged infringement of the '088 patent.

21.     Telenav denies Location Services's allegations of infringement.  Telenav does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '088 patent, either literally or under the doctrine of equivalents.

22.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Telenav and Location Services concerning the non-infringement of the '088 patent.

23.     Telenav is entitled to a declaratory judgment that Telenav does not infringe and has not infringed any valid and enforceable claim of the '088 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## FOURTH COUNTERCLAIM

**(Declaratory Judgment of Invalidity of U.S. Patent No. 5,839,088)**

24.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-23 of these Counterclaims above as though fully set forth herein.

25.     In its Amended Complaint, Location Services contends that the '088 patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of these patents.

26.     Each claim of the '088 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101–103 and 112.

27.     Each claim of the '088 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103. The claims of the '088 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112.  The claims of the '088 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '088 patent.

28.     Telenav is entitled to a declaratory judgment that each and every claim of the '088 patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of obviousness-type double patenting.

**FIFTH COUNTERCLAIM**

**(Declaratory Judgment of Non-infringement of U.S. Patent No. 8,935,220)**

29.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-28 of these Counterclaims above as though fully set forth herein.

30.     Location Services has asserted claims against Telenav for alleged infringement of the '220 patent.

31.     Telenav denies Location Services's allegations of infringement.  Telenav does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly, contributorily, or by inducement, any valid and enforceable claim of the '220 patent, either literally or under the doctrine of equivalents.

32.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Telenav and Location Services concerning the non-infringement of the '220 patent.

33.     Telenav is entitled to a declaratory judgment that Telenav does not infringe and has not infringed any valid and enforceable claim of the '220 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## SIXTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 8,935,220)

34.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-33 of these Counterclaims above as though fully set forth herein.

35.     In its Amended Complaint, Location Services contends that the '220 patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of these patents.

36.     Each claim of the '220 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101–103 and 112.

37.     Each claim of the '220 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103. The claims of the '220 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112.  The claims of the '220 patent are vague and indefinite and incorporate limitations that are neither disclosed, described, explained, nor enabled by the specification of the '220 patent.

38.     Telenav is entitled to a declaratory judgment that each and every claim of the '220 patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of obviousness-type double patenting.

## SEVENTH COUNTERCLAIM

### (Declaratory Judgment of Non-infringement of U.S. Patent No. 6,356,834)

39.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-38 of these Counterclaims above as though fully set forth herein.

40.     Location Services has asserted claims against Telenav for alleged infringement of the '834 patent.

41.     Telenav denies Location Services's allegations of infringement.  Telenav does not make, use, offer for sale, sell, import, or export, and has never made, used, offered to sell, sold, imported, or exported, a method, device, or apparatus that infringes, either directly,

contributorily, or by inducement, any valid and enforceable claim of the '834 patent, either literally or under the doctrine of equivalents.

42.     There is an actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between Telenav and Location Services concerning the non-infringement of the '834 patent.

43.     Telenav is entitled to a declaratory judgment that Telenav does not infringe and has not infringed any valid and enforceable claim of the '834 patent, directly or indirectly, either literally or under the doctrine of equivalents.

## EIGHTH COUNTERCLAIM

### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,356,834)

44.     Telenav re-alleges and incorporates by reference the allegations of paragraphs 1-43 of these Counterclaims above as though fully set forth herein.

45.     In its Amended Complaint, Location Services contends that the '834 patent is valid and has created a substantial, immediate, and real controversy between the parties as to the invalidity of these patents.

46.     Each claim of the '834 patent fails to meet one or more of the statutory requirements and/or conditions for patentability under the patent laws of the United States, including but not limited to 35 U.S.C. §§ 101–103 and 112.

47.     Each claim of the '834 patent is invalid because it is anticipated by the pertinent prior art under 35 U.S.C. § 102, and/or would have been obvious to one of ordinary skill in the art in light of the pertinent prior art at the time of the claimed invention under 35 U.S.C. § 103. The claims of the '834 patent are also invalid for lack of enablement, insufficient written description, indefiniteness and/or failure to disclose the best mode of the invention as required by 35 U.S.C. § 112.  The claims of the '834 patent are vague and indefinite and incorporate

limitations that are neither disclosed, described, explained, nor enabled by the specification of the '834 patent.

48.     Telenav is entitled to a declaratory judgment that each and every claim of the '834 patent is invalid for failing to satisfy one or more of the conditions for patentability specified in Title 35 of the United States Code, including but not limited to 35 U.S.C. §§ 101, 102, 103, 112, and/or the judicially created doctrine of obviousness-type double patenting.

## EXCEPTIONAL CASE

49.     On information and belief, this is an exceptional case entitling Telenav to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Plaintiff's assertion of Patents-in-Suit against Telenav with the knowledge that Telenav does not infringe any valid or enforceable claim of the Patents-in-Suit; and/or that the asserted claims of the Patents-in-Suit are invalid and/or unenforceable.

## REQUEST FOR RELIEF

50.     Telenav requests that the Court enter judgment in Telenav's favor and grant relief as follows:

   a) a dismissal of all claims in Plaintiff's Amended Complaint against Telenav with prejudice and a complete denial of Plaintiff's requests for damages, costs, attorney fees, and any other form of relief;

   b) judgment be entered declaring that Telenav does not infringe and has not infringed any valid and enforceable claim of Patents-in-Suit under any subsection of 35 U.S.C. § 271;

   c) judgment be entered declaring that one or more claims of the Patents-in-Suit are invalid under 35 U.S.C. §§ 101, 102, 103, and 112, or unenforceable;

    d)  an award to Telenav of its reasonable attorneys' fees, costs, and all interest,

including without limitation any attorney awards based upon 35 U.S.C. § 285; and

    e)  any such other and further relief as the Court finds just and proper.

    51.   **DEMAND FOR JURY TRIAL** Pursuant to Rule 38 of the Federal Rules of

Civil Procedure, Telenav demands a trial by jury on all issues triable by jury.


Dated: July 21, 2015                          Respectfully Submitted,


                                     */s/ Edward J. DeFranco* \_\_\_\_\_
                                     Edward J. DeFranco

                                     **QUINN EMANUEL URQUHART &**
                                     **SULLIVAN, LLP**
                                     Edward J. DeFranco
                                     Lead Attorney
                                     (NY Bar. No. 2108561)
                                     QUINN EMANUEL URQUHART &
                                     SULLIVAN, LLP
                                     51 Madison Ave., 22nd Floor
                                     New York, New York 10010
                                     Tel.: (212) 849-7000
                                     Fax: (212) 849-7100

                                     Charles K. Verhoeven
                                     CA State Bar No. 170151
                                     charlesverhoeven@quinnemanuel.com
                                     50 California Street, 22nd Floor,
                                     San Francisco, California 94111-4788
                                     Telephone: (415) 875-6600
                                     Facsimile: (415) 875-6700

                                     Mark Tung
                                     CA State Bar No. 245782
                                     marktung@quinnemanuel.com
                                     555 Twin Dolphin Drive, 5th Floor,
                                     Redwood Shores, CA  94065-2139
                                     Tel.: (650) 801-5000
                                     Fax: (650) 801-5100

                                     **ATTORNEYS FOR DEFENDANT AND**
                                     **COUNTER-CLAIMANT TELENAV INC.**

## <u>CERTIFICATE OF SERVICE</u>

A true and correct copy of the foregoing instrument was served or delivered electronically via U.S. District Court [LIVE]- Document Filing System, to all counsel of record, on this 21st day of July, 2015.

<u>/s/   *Edward J. DeFranco*   </u>

Edward J. DeFranco
