**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LOCATION SERVICES, IP, LLC | § | |
| | § | |
| v. | § | Case No. 2:15-cv-435-JRG |
| | § | LEAD CASE |
| JP MORGAN CHASE & CO., ET AL. | § | |

**DISCOVERY ORDER**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the parties' Motion (Dkt. No. 44), it is ORDERED AS FOLLOWS:

1.      **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

(a)      the correct names of the parties to the lawsuit;

(b)      the name, address, and telephone number of any potential parties;

(c)      the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

(d)      the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

(e)      any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)     any settlement agreements relevant to the subject matter of this action; and

(g)     any statement of any party to the litigation.

2.     **Disclosure of Expert Testimony.**  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)     if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)     for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.     **Additional Disclosures.**  Without awaiting a discovery request,[1] each party will make the following disclosures to every other party:

(a)     provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

> **P.R. 3-1(g)**: If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

---

[1]  The Court anticipates that this disclosure requirement will obviate the need for requests for production.

**P.R. 3-3(e)**: If a party claiming patent infringement exercises the provisions of P.R. 3-1(g), the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a P.R. 3-1(g) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

5.    **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with:

a)    <u>Testifying Expert Witnesses</u>:  Plaintiff shall be entitled to up to four (4) testifying expert witnesses as to each Defendant Affiliate Group.[2]  Each Defendant Affiliate Group shall be entitled to up to four (4) testifying expert

---

[2] The five Defendant Affiliate Groups consist of:  (1) JPMorgan Chase & Company, JPMorgan Chase Bank, N.A., and Chase Bank USA, N.A.; (2) CVS Pharmacy, Inc.; (3) HEB Grocery Company, LP, and H.E. Butt Grocery Company; (4) AT&T Mobility, LLC, and AT&T Services, Inc.; and (5) Telenav, Inc.

witnesses.  Plaintiff and Defendants agree to work in good faith to minimize the number of testifying expert witnesses to the extent possible.

b)  <u>Interrogatories:</u>  Plaintiff may serve up to fifteen (15) common interrogatories on Defendants in this action, which each Defendant shall answer individually, and Plaintiff may serve an additional fifteen (15) individual interrogatories on each Defendant Affiliate Group in this action.  Each interrogatory served on each Defendant Affiliate Group will count as only one individual interrogatory. Defendants in this action, jointly, may serve up to fifteen (15) common interrogatories on Plaintiff, and each Defendant Affiliate Group in this action may serve an additional fifteen (15) individual interrogatories on Plaintiff.

c)  <u>Requests for Admission:</u>  Plaintiff may serve up to twenty (20) common requests for admission as to all Defendants, and an additional thirty (30) requests for admission separately on each Defendant Affiliate Group in this action.  Defendants in this action, jointly, may serve up to twenty (20) common requests for admission on Plaintiff, and each Defendant Affiliate Group in this action may serve an additional thirty (30) requests for admission on Plaintiff. There is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents.  Requests for admission directed to document authentication shall be clearly denoted as such, and shall be served separately from any requests for admission subject to the numerical limitations stated above.

d)  <u>Depositions:</u>  For all depositions, other than expert depositions, Plaintiff shall be allowed up to 330 hours with a maximum of 70 hours with regard to the

depositions of employees of any one defendant group and Defendants collectively shall be allowed up to 330 hours.  All parties agree to work in good faith to adjust time limits for depositions if the circumstances warrant it.  These hour limits shall include the depositions of fact witnesses, Rule 30(b)(6) witnesses and third-party witnesses.  A party shall promptly make its witnesses available for any noticed deposition unless otherwise agreed.  With respect to third party discovery, parties agree to produce documents to all counsel within seven (7) days of receipt of the documents from the third party.  In addition, the parties agree to work with each other in scheduling third party depositions and will cooperate to ensure that a third party deposition is scheduled at least seven (7) days after the party scheduling the deposition provides the other party with copies of any documents received from that third party.   All individual depositions shall be limited to seven hours in accordance with the Federal Rules of Civil Procedure except:

i.   Except as set forth in § 4.C(i), any deposition requiring the use of a translator shall be limited to ten (10) hours, only seven (7) hours of which will count against that party's total deposition time in this action;

ii.   The deposition of named inventors is limited to 7 hours.

iii.   Depositions of Defendant's expert witnesses shall be limited to 7 hours per witness per report unless their report addresses issues relating to multiple Defendant

Affiliate Groups, in which case Plaintiff should be entitled to 3 additional hours for each additional Defendant Affiliate Group up to a maximum of 14 hours per witness.  Depositions of Plaintiff's experts also shall be limited to 7 hours per witness per report, unless their report addresses issues relating to multiple Defendant Affiliate Groups, in which case Defendants should  be entitled to 3 additional hours for each additional Defendant Affiliate Group up to a maximum of 14 hours per witness.  The parties' ability to seek additional deposition hours of expert(s) shall not be prejudiced in any way by this subparagraph.

e) <u>Reasonable Modifications:</u>  The parties recognize that this proceeding is still in a preliminary stage and that discovery has not yet commenced.  The limitations contained in this order may be modified by agreement of the parties subject to approval of the court or by motion to the court with the burden on the party seeking modification.  Accordingly, the parties agree to meet and confer in good faith about reasonable adjustments to any of the preceding limits as discovery progresses.  Furthermore, to the extent the parties are unable to reach agreement; any party may move to modify these limitations for good cause.  Any party may later move to modify these limitations for good cause.

6. **Privileged Information.**   There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or

information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection.

7.      **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.      **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.      **Discovery Disputes.**

(a)      Except in cases involving claims of privilege, any party entitled to receive

disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.  The written statement shall list, by category, the items the Requesting Party contends should be produced.  The parties shall promptly meet and confer.  If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed.  The Requesting Party may thereafter file a motion to compel.

(b)     In addition to the requirements of Local Rule CV-7(h) and (i), an opposed discovery-related motion must include a certification that an **in-person** conference involving lead and local counsel for all parties to the discovery dispute was held.

(c)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.     **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its

disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.     **Filings**.  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.     **Proposed Stipulations by the Parties Regarding Discovery:**

a)     In relation to Patent Rule 3-1(g), this Patent Rule only applies to permit noncompliance with Patent Rule 3-1 until 30 days after the production by each Defendant of sufficient source code for those claim elements that require source code to determine whether the infringing element is present in the Accused Instrumentality.   In other words, to the extent that Plaintiff's infringement allegations depend on or can be ascertained from software functionality visible to an end user, Plaintiff should produce infringement contentions identifying that known functionality.

b)     Privilege:  No party is required to include in a privilege log documents created after March 25, 2015 except as provided under Local Rule 3-7.  The parties further agree that testifying expert's drafts reports, notes, and outlines of draft reports shall not be subject to discovery in this case, nor shall any such drafts, notes, or outlines of draft reports that the testifying expert prepared in other cases be subject to discovery in this case.  Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial or deposition testimony, or any opinion in this case.   No discovery can be taken from any consulting expert who does not testify, except to

the extent that the consulting expert has provided information, opinion, or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his or her final report, trial or deposition testimony, or any other opinion in this case. No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports, trial or deposition testimony in this case. Materials, communications (including email), and other information exempt from discovery under this paragraph shall be treated as attorney-work product for the purposes of this litigation.

c)   Electronic Service. The Parties shall serve documents, pleadings, correspondence and other things electronically in lieu of service by U.S. Mail. If the document, pleading, correspondence, or other item is too large to be served electronically, then a cover letter or other similar notification shall be served electronically and the document, pleading, correspondence or other item shall be served for next day delivery. For purposes of computation of time, electronic service constitutes service by mail. Plaintiff and each Defendant Affiliate Group shall, within 7 days of this Order, provide a single e-mail address at which service shall be made.

**So Ordered and Signed on this**

**Aug 26, 2015**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE