**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| LOCATION SERVICES IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-435-WCB |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE & CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

---

**GROUPON'S MOTION FOR LEAVE TO FILE A**
**CLAIM CONSTRUCTION BRIEF AS AN AMICUS**

Groupon, Inc. respectfully moves for leave to file a claim construction brief as an amicus. Groupon is the defendant in a related case, No. 2:15-cv-1689, in which Plaintiff Location Services IP, LLC ("Location Services") has asserted the same patents as it asserts in the instant case.   Groupon's proposed amicus brief is filed herewith.

Groupon seeks to be heard on only three claim terms:

- "an ALI polling module"

- "user interface module"

- "data packet module"

Groupon contends that each of these terms should be treated as means-plus-function claim terms under 35 U.S.C. § 112(6) pursuant to the Federal Circuit's en banc decision in *Williamson v. Citrix Online, LLC*, 792 F.3d 1339 (Fed. Cir. 2015).  In the instant case, Location Services and Yahoo have briefed these terms, but they have not proposed treating them as means-plus-function terms.

If the case against Groupon reaches the claim construction phase, the Patent Rules will provide Groupon the opportunity to propose constructions for these and other terms.  However, claim construction is a matter of law.  Having determined in this case that the claims have one meaning, the Court may be disinclined to construe the terms differently in another case.  Thus, Groupon has a strong interest in the Court's claim constructions in this case.  And naturally, the Court has a strong interest in reaching the correct construction, even if only proposed by an amicus.

An amicus is a "person with strong interest in or views on the subject matter of an action, but not a party to the action."  BLACK'S LAW DICTIONARY (6th ed. 1990) at 82.  That definition describes Groupon precisely.   Groupon is a non-party, but its own case may be impacted by the Court's decision in this case, because while the Court's construction in the instant case will not be binding on Groupon or the Court, the Court is likely to consider its own construction highly persuasive authority when it addresses the same terms in the Groupon case.

Yahoo has proposed its own construction of these four terms, which do not treat the terms as means-plus-function terms.  Yahoo and Groupon have conferred, and Groupon has not persuaded Yahoo to take up its position.  This counsels in favor of accepting Groupon's brief.  If Yahoo had the same position as Groupon, there would be no need to hear from Groupon.  But as things now stand, if the Court does not receive Groupon's brief, it will not hear means-plus-function arguments in this case.  By the time such arguments are heard in Groupon's own case many months from now, the Court may already have issued a different construction of the terms at issue.

Accepting Groupon's amicus brief will not prejudice the parties in this case.  Location Services has a reply brief in which it can respond; if it needs more pages, it can seek them,

although Groupon only addresses three terms.   And Yahoo received Groupon's means-plus-function arguments and constructions in advance of filing its own brief (which will be filed the same day as this motion), so Yahoo has also had the opportunity to address the means-plus-function issues.

Ultimately, hearing on these limited issues from Groupon as a friend of the Court can only assist in reaching the correct interpretation of the claims in this case.   Consequently, Groupon respectfully asks that the Court grant the requested leave.

Respectfully submitted,

*/s/ Natalie A. Bennett*
Christopher D. Bright
McDermott Will & Emery LLP
4 Park Plaza, Suite 1700
Irvine, California  92614
(949) 851-0633

Michael S. Nadel
Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Groupon, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2016, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

*/s/ Natalie A. Bennett*
Natalie A. Bennett

**CERTIFICATE OF CONFERENCE**

Pursuant to Local Rule CV-7(i), I certify that counsel for Groupon has complied with Location Rule CV-7(h).  This motion is opposed by Plaintiff and Defendant.  As to Plaintiff, the personal conference required by Local Rule CV-7(h) was conducted on January 11, 2016 by Christopher Bright for Groupon and John Edmonds for Plaintiff.  Agreement could not be reached because Plaintiff contends that (i) Groupon is an amicus, (ii) Groupon had the opportunity to persuade Yahoo of its position and failed, (iii) Groupon could have joined the claim construction process earlier, and (iv) Groupon's filing is untimely. As to Defendant, the personal conference required by Local Rule CV-7(h) was conducted by January 7, 2016, by Christopher Bright for Groupon and Elizabeth Flannery for Defendant.  Agreement could not be reached because, as Groupon understands it, Defendant disagrees with Groupon's substantive position on the terms at issue.  Groupon is at an impasse with Plaintiff and Defendant.

*/s/ Christopher D. Bright*
Christopher Bright