IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| LOCATION SERVICES IP, LLC, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE & CO. et al., <br><br> Defendant. | Civil Action No. 2:15-cv-00435-WCB <br> <u>LEAD CASE</u> <br><br> JURY TRIAL DEMANDED |
| v. <br><br> YAHOO! INC., | Civil Action No. 2:15-cv-00155-WCB |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO NON-PARTY GROUPON, INC.'S
MOTION FOR LEAVE TO FILE A CLAIM CONSTRUCTION BRIEF AS AN AMICUS**

Plaintiff, Location Services IP, LLC ("LSIP"), hereby files this response in opposition to non-party Groupon, Inc.'s ("Groupon") Motion for Leave to File A Claim Construction Brief As An Amicus (Dkt. No. 124) and states as follows:

As an initial matter, and as Groupon admits, this is not an instance where Groupon's purported arguments regarding claim construction would otherwise go unheard. Groupon acknowledges in its motion that "the Patent Rules will provide Groupon the opportunity to propose constructions for these and other terms." Thus, even setting aside the additional reasons set forth below, Groupon's motion should be denied because Groupon will have a full and fair opportunity to argue for its proposed claim constructions *in its own case*.

In filing its motion, Groupon seeks to ignore and circumvent this Court's well-known and well-established claim construction procedures. For this reason alone, Groupon's motion should be denied. Groupon's motion should also be denied at least because it is untimely and highly prejudicial to LSIP.

First, Groupon's motion wholly ignores and seeks to circumvent this Court's long-standing

Local Patent Rules.  The Local Patent Rules "exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush." *Cummins–Allison Corp. v. SBM Co.,* No. 9:07–cv–196, 2009 WL 763926, at *1 (E.D. Tex. Mar. 19, 2009); *Finisar Corp. v. DirecTV Group, Inc.,* 424 F.Supp.2d 896, 901 (E.D. Tex. 2006) (citation omitted) (noting that the goals of the Local Patent Rules include providing adequate notice and information to all parties and ensuring full, timely discovery).  Here, there is no more apt description of Groupon's conduct than an "ambush."  Rather than complying, or even seeking to comply, with the Court's rules, Groupon now seeks to unilaterally insert its erroneous claim constructions into this case.

As the Court is aware, and as Groupon is no doubt aware, the Patent Rules set forth a specific timeframe for which the parties must make certain claim construction-related disclosures. For instance, the parties *in this case*, LSIP and Yahoo!, have already complied with the following claim construction deadlines:

> P.R. 4-1 (Exchange Proposed Claim Terms) – October 1, 2015
> P.R. 4-2 (Exchange Preliminary Claim Constructions) – October 22, 2015
> P.R. 4-3 (Joint Claim Construction Statement) – November 12, 2015
> P.R. 4-5(a) (Opening Claim Construction Brief) – December 21, 2015
> P.R. 4-5(b) (Responsive Claim Construction Brief) – January 12, 2016

However, Groupon has not participated in, sought to participate in, or complied with any of these deadlines.  Had Groupon wanted to participate in the claim construction process in this case, it could have easily complied with the Court's rules and done so.  Rather, Groupon chose to wait on the sidelines until LSIP had filed its claim construction brief and until the same day that Yahoo! was due to file its responsive brief.  Only then, after almost every claim construction related deadline had passed, did Groupon seek to erroneously intervene in this case.  As this Court has previously held, "the purpose of the Local Patent Rules … is to effectuate an orderly and efficient

pre-trial process." *MASS Engineered Design, Inc. v. Ergotron, Inc.*; 250 F.R.D. 284, 286 (E.D. Tex. 2008).  Indeed, the Court's local patent rules "are intended to avoid this type of chicanery." *Id*.  Further, this Court criticized actions substantially similar to Groupon's actions in this case:

> introducing newly proposed claim constructions in the Rule 4–5(d) JCCC, after the conclusion of the parties' infringement and invalidity contentions, discovery, and claim construction briefing, and shortly before the claim construction hearing, especially without seeking leave of Court, upsets the fundamental purpose sought by the Local Patent Rules of expediting and ordering the necessary stages of claim construction

*Lodsys, LLC v. Brother Intern. Corp*., No. 2:11-cv-0090, 2013 WL 2949959, *19 (E.D. Tex. June 14, 2013).  While non-party Groupon did manage to get its motion on file prior to the filing of LSIP's and Yahoo!'s Joint Claim Construction Chart, it is clear that this Court has previously criticized and rejected attempts by consolidated parties (much less non-parties) that seek to circumvent the Court's Local Patent Rules, as Groupon has done here.  Groupon has failed to show any reason for the Court to now depart from this longstanding precedent – especially as a non-party.

Second, Groupon's erroneous attempt to intercede in this case is untimely. LSIP filed its case against Groupon on October 29, 2015.  It is likely that Groupon learned of this case very soon thereafter, and well before many of the claim construction deadlines in this case had passed. Despite that, Groupon took no action to intervene at that point.  Rather, Groupon sat by while numerous claim construction deadlines passed, and until after LSIP had filed its opening claim construction brief, before it finally came forward seeking to erroneously intervene in this case. Therefore, even if it was proper for Groupon to intervene in this case – which it is not – such intervention is untimely at least because Groupon has laid behind the log until the very last minute before seeking to interject here.  For this reason alone, Groupon's motion should be denied.

Third, Groupon's failure to timely comply with any of the Court's Local Patent Rules will result in significant prejudice to LSIP.  While Groupon claims that it "seeks to be heard only on

three terms," it proposes to submit a brief spanning fourteen pages – half of the thirty page limit for claim construction briefs under the Court's Local Rules.  Motion at 1.   Further, courts in this District routinely require each "side" to submit a single brief.   Here, rather than limiting Defendants' briefing to thirty pages, Groupon's unilateral attempt to improperly submit briefing would increase the page limit by nearly fifty percent.  Groupon's purported solution to its improper conduct is to require LSIP to respond to this significant additional briefing in LSIP's reply – which is limited to a total of ten pages.   Groupon attempts to mitigate its prejudicial proposal by suggesting that LSIP could seek to increase its page limit "if it needs more pages…although Groupon only addresses three terms."  Motion at 3.  LSIP properly complied with the Court's rules, including the rules related to claim construction, and should not have to "seek" additional pages simply because of Groupon's improper proposal.  However, even if LSIP did seek leave to exceed the page limit, there is no guarantee leave would be granted – which would force LSIP to address Yahoo!'s twenty-four pages of briefing *and* Groupon's fourteen pages in just ten pages.

In addition, LSIP would be further prejudiced by Groupon's untimely submission of these additional constructions because, as discussed above, Groupon failed to participate in any claim construction procedures.  Thus, LSIP has had no notice of these additional constructions and, in addition to responding to Yahoo!'s arguments, would be required to investigate and respond to Groupon's constructions, all by the time for LSIP's reply brief.  Further, this Court's rules specifically allow for claim construction discovery.  Because Groupon has only now, at the very last minute, erroneously disclosed its untimely proposed constructions, LSIP has not had a proper opportunity to determine whether claim construction discovery would be required.  If Groupon were allowed to unilaterally intervene at this point, LSIP would be prejudiced at least to the extent it needed discovery related to Groupon's erroneous proposed constructions.

In addition, and as Groupon admits, it will not be bound by the Court's constructions in

this case.  Motion at 2.  Tellingly, Groupon has refused to be bound by the Court's construction in this case.  If Groupon was legitimately interested in assisting the Court in properly construing the claims, there is no reason it should not agree to be bound by those constructions.  In effect, Groupon seeks two bites at the claim construction apple.  If the terms it proposes in this case are not accepted, Groupon is free to re-argue those constructions in its own case or even change its constructions if it believes that to be beneficial.  On the other hand, LSIP may be estopped from arguing different constructions in the Groupon case.  Thus, at least because of this disparity in estoppel, allowing Groupon to submit briefing in this case would severely prejudice LSIP.

Groupon correctly argues that claim construction is a matter of law and that neither Groupon nor this Court is bound by the Court's constructions in this case.  Motion at 2.  Groupon then goes on to speculate that the Court will somehow be unable to fully or properly consider any arguments Groupon may make in its own case.  However, Groupon admits "[t]he parties in the instant case have not addressed these terms from this perspective."  Motion at 1.  Clearly, these unheard arguments, which Groupon would not be bound by anyway, would not result in prejudice to Groupon in its own case.  Such unsupported speculation should not form the basis for the type of improper intervention Groupon seeks here.

Indeed, what Groupon's own motion makes clear is that it will have a full and complete opportunity to present its claim constructions to the Court in its own case and regardless of how the Court construes the claims in this case, neither Groupon nor the Court will be bound by those constructions in the Groupon case.  Groupon has failed to show any legitimate purpose served by allowing Groupon to submit an "amicus" brief in this case rather than full briefing in its own case.

For the reasons set forth above, LSIP respectfully requests that Groupon's motion be denied.

January 15, 2016                                    Respectfully submitted,

*/s/ Stephen F. Schlather*
John J. Edmonds – Lead Counsel
Texas Bar No. 789758
Stephen F. Schlather
Texas Bar No. 24007993
Shea Palavan
Texas Bar No. 24083616
**COLLINS, EDMONDS,**
**SCHLATHER & TOWER, PLLC**
1616 S. Voss Road, Suite 125
Houston, Texas 77057
Telephone: (281) 501-3425
Facsimile: (832) 415-2535
jedmonds@ip-lit.com
sschlather@ip-lit.com
sspalavan@ip-lit.com

*Attorneys for Plaintiff*
*Location Services IP, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that all known counsel of record are deemed to have consented to electronic service, and are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

January 15, 2016                                        */s/ Stephen F. Schlather*
                                                            Stephen F. Schlather