**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LOCATION SERVICES IP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:15-cv-435-WCB |
| | ) | |
| v. | ) | |
| | ) | |
| JPMORGAN CHASE & CO., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**GROUPON'S REPLY IN SUPPORT OF ITS MOTION FOR LEAVE
TO FILE A CLAIM CONSTRUCTION BRIEF AS AN AMICUS**

Groupon, Inc. ("Groupon") replies in support of its motion for leave to file an amicus claim construction brief. Groupon states as follows:

1. Groupon has identified three claim terms now before the Court that Groupon contends should be treated as means-plus-function terms. By opposing Groupon's motion for leave, Plaintiff argues that the Court should construe the terms without even considering those arguments. According to Plaintiff, the Court should simply construe the terms now, and then if it later is persuaded by Groupon's arguments in Groupon's own case, the Court should re-construe the terms in that case (with such re-construction occurring in Groupon's case at about the same time the instant case heads to trial). Groupon respectfully suggests that it better serves judicial economy—and ultimately the interests of *all* involved—if the claims are construed correctly the first time. To the end, the Court should consider Groupon's arguments and give them whatever weight the Court deems appropriate as it construes the terms at issue.

2. Plaintiff's allegation that Groupon is seeking to evade the Patent Rules is misplaced. Groupon filed the instant motion for leave on the same day that its response to to the Complaint against it was due. Groupon could not have been expected to participate in the case construction process in the instant case before it was served—and indeed the parties' deadline to propose claim constructions in this case passed before Groupon was *sued*. Moreover, Groupon's submission is *not* untimely, because Groupon's submission is an amicus brief. By definition, Groupon is functioning as a friend of the Court. Obviously, Groupon has an interest in the outcome, as amici always do. But the purpose of Groupon's brief is to help the Court in arriving at the proper construction. If the Court believes it would indeed be helpful to consider whether the three terms at issue are means-plus-function terms, the Court should grant the motion for leave.

3. Plaintiff argues that if the Court considers Groupon's brief, Plaintiff will be prejudiced because the page limits for Defendants collectively would be unduly increased. But amicus briefs are frequently submitted—most typically to appellate courts, but also to district courts—and the effect is always that one "side" or another gets more pages or words. Groupon suggests that the Court's claim construction ruling will not turn on who submits more words but rather on the strength of the parties' arguments, as supported by the intrinsic and extrinsic evidence. Groupon merely asks that its arguments as an amicus be considered. It is difficult to understand how Plaintiff could be prejudiced by the Court's consideration of those arguments.

Groupon respectfully requests that the Court grant its motion.

Respectfully submitted,

*/s/ Natalie A. Bennett*
Christopher D. Bright
McDermott Will & Emery LLP
4 Park Plaza, Suite 1700
Irvine, California 92614
(949) 851-0633

Michael S. Nadel
Natalie A. Bennett
McDermott Will & Emery LLP
500 North Capitol Street, N.W.
Washington, D.C. 20001
(202) 756-8000

*Attorneys for Groupon, Inc.*

**CERTIFICATE OF SERVICE**

    I hereby certify that on January 15, 2016, the foregoing was electronically filed with the CM/ECF system, which will send a notification of such filing to all counsel of record.

                                                */s/ Natalie A. Bennett*
                                                Natalie A. Bennett